**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

LEXICON, INC.                                                                                    PLAINTIFF

v.                                    Case No. 4:09CV00067 JLH

ACE AMERICAN INSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA                                                          DEFENDANTS

## OPINION AND ORDER

Lexicon, Inc., commenced this action against ACE American Insurance Company ("ACE")

and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") over a dispute

regarding insurance coverage on a construction project for which Lexicon was the general contractor.

Regions Insurance Group, Inc., the insurance broker for the policy at issue, has filed a motion to

intervene. Lexicon has filed a motion for leave to file a first amended complaint. For the following

reasons, Regions's motion to intervene is denied, and Lexicon's motion for leave to file a first

amended complaint is granted.

## I.

Regions has filed a motion to intervene in the present action involving Lexicon, ACE, and

National Union. Regions is a Tennessee corporation that was involved in brokering the insurance

policies issued by ACE and National Union, the defendants, to Lexicon. Regions argues that the

defendants appear to articulate defenses blaming Regions for failing to properly handle the

placement of the insurance policies at issue, and that it has an interest in defending its role in the

placing of the insurance policies. Regions says that the defendants' allegations could implicate

Regions in this litigation and lead to a judgment against Regions. Thus, Regions seeks intervention

as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(1), or in the alternative, permissive intervention pursuant to Rule 24(b).

National Union objects, arguing that it, ACE, and Lexicon are the only necessary parties to the present dispute. National Union points out that Lexicon has asserted no claims directly against Regions and that Regions is not aligned with the defendants' interests. National Union disputes Regions's standing to intervene and points out that Regions did not identify any cognizable and legally protectable interest in the lawsuit. Finally, National Union notes that Regions did not state in its original motion any relief that this Court could grant even if intervention was allowed.

In its reply, Regions submitted an amended complaint in intervention, in which Regions seeks a declaratory judgment from this Court that the insurance policies written through both defendants provided coverage for the losses now claimed by Lexicon. Regions also states that the only two depositions taken up to that time were from two Regions employees responsible for placing the insurance coverage. Regions also provided evidence that ACE had propounded written discovery on Regions and threatened to compel production of Regions's documents and examination of its computer systems.

For its part, Lexicon supports Regions's motion to intervene. Lexicon openly admits that if coverage is denied based on the defendants' policies, then it would have a cause of action against Regions as to the placement of the defendants' policies. Lexicon states that it "intends to promptly file its own motion for leave to file a crossclaim against Regions in this action so that all issues can be efficiently and fairly determined in this single proceeding."

If Lexicon thought that an efficient and fair determination of all issues was contingent on Regions's involvement in the litigation, then Lexicon could have filed a claim against Regions based

2

on alternative legal theories, either initially or as a part of Lexicon's proposed amended complaint.

Lexicon chose not to do so—instead, the only claims in the present litigation are between Lexicon

and ACE and National Union and essentially involve contractual interpretation of insurance policies.

Federal Rule of Civil Procedure 24(a)(2) provides that a court *must* permit anyone to

intervene who "claims an interest relating to the property or transaction that is the subject of the

action, and is so situated that disposing of the action may as a practical matter impair or impede the

movant's ability to protect its interest, unless existing parties adequately represent that interest."  To

intervene as a matter of right, the movant must show that: (1) it has a cognizable interest in the

subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and (3)

the interest is not adequately protected by the existing parties.  *United States v. Union Elec. Co.*, 64

F.3d 1152, 1160 (8th Cir. 1995).  To have a cognizable interest, the movant's interest must be direct

(as opposed to tangential or collateral), substantial, and legally protectable.  *Id.* at 1161.

Rule 24(b) provides that a court *may* permit anyone to intervene who "has a claim or defense

that shares with the main action a common question of law or fact."  The trial court has discretion

to grant or deny permissive intervention, which may be granted where (1) the movant shows

independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or

defense and the main action have a question of law or fact in common.  *Union Elec. Co.*, 64 F.3d at

1170 n.9.

Regions complains that its employees may be "talked about, blamed, and cross-examined

without legal representation at the trial," but that is inaccurate—there is nothing to prohibit Regions

from providing legal representation to its employees who may be called to testify as witnesses at a

trial.  Regions also complains that if the defendants win, Lexicon will have no alternative but to sue

3

Regions. That may be true, but at this point Lexicon has chosen not to assert a claim against Regions on alternative legal grounds. The only legal claims in this matter are between Lexicon and ACE and National Union, and revolve around the interpretation and scope of an insurance policy or contract, to which only Lexicon, ACE, and National Union are parties. Regions has no standing in the present action. The defendants are free to assert the defense that a third-party caused the error, if any, in policy coverage. Such a defense will not, without a claim by Lexicon against Regions, result in a judgment against a direct interest of Regions, as it contends. Based on the claims made thus far, Regions does not have a "direct, substantial, and legally protectable" interest in this litigation, meaning that Regions cannot intervene as of right under Rule 24(a). Regions has no standing to be a party in the present action. Regions cannot assert a claim under the insurance contract at issue, nor can any such claim be asserted against Regions. While Lexicon may, if it loses this action, assert a claim against Regions, Regions will not be bound by the judgment in this action. Regions does not have independent grounds for jurisdiction and declines to grant it permissive intervention under Rule 24(b).

## II.

Lexicon has filed a motion for leave to file a first amended complaint, to include a claim for reformation of the terms of the ACE insurance policy or contract. When Lexicon filed its motion to amend on November 2, 2009, the deadline to seek leave to amend pleadings in this case was set for January 5, 2010.[1] In its motion, Lexicon states that it had refrained from filing its motion to amend due to the pending motion to intervene by Regions. Lexicon says that if the Court had granted the motion to intervene, Lexicon then would have asserted its claims against Regions in the

---

[1]The deadline to amend pleadings has since been extended to February 9, 2010.

same amended pleading, but that ACE's recent motion for summary judgment required that Lexicon move forward in seeking to add the claims against ACE.

A court may grant a partly leave to amend and should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). A court can refuse to grant leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). A complaint must make a short and plain statement of the claim and a demand for the relief sought, and must state each allegation simply, concisely, and directly. Fed. R. Civ. P. 8(a), (d)(1). A complaint may allege claims in the alternative, that is, it may state as many separate claims or defenses as it has, regardless of consistency. Fed. R. Civ. P. 8(d)(3). Although a plaintiff need not give specific facts, he must give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007).

Lexicon's proposed amended complaint adds a claim for reformation of the ACE insurance policy.[2] The amended complaint alleges that Lexicon paid a premium for foreign liability coverage from ACE specifically for the kind of damage that occurred in this case, and that ACE now asserts that the Designated Premises Endorsement operates to deny such coverage, which is the very risk that Lexicon sought to insure under the ACE policy. The amended complaint goes on to allege:

> 30.    In the event that the ACE assertion is correct, Lexicon would not have purchased and would not provide coverage for bodily injury and property

---

[2]Lexicon has previously alleged a claim for reformation of the National Union insurance policy.

damage arising out of the Nu-Iron facility in Trinidad.  The attachment of the Designated Premises Endorsement to the ACE Policy without inclusion of the Trinidad project was attributable to mutual mistake of the parties or to unilateral mistake on the part of Lexicon, coupled with inequitable conduct on the part of ACE, its insurer.

31.    Because of this mistake, and under the circumstances, if the endorsement is deemed to be material, Lexicon is entitled to reformation of the ACE Policy to reflect the intent of the parties for the ACE Policy to provide foreign liability insurance coverage for bodily injury or property damage occurring at the Nu-Iron facility in Trinidad under the Designated Premises Endorsement, or alternatively, to remove the endorsement from the ACE Policy altogether.  Lexicon is also entitled to recovery of the twelve percent (12%) statutory penalty and its attorneys fees and costs expended in pursuit of recovery of the $1,000,000 limit under the ACE Policy pursuant to [Ark. Code Ann.] §§ 23-79-209 and 209.

ACE opposes Lexicon's motion to amend, arguing that leave to amend should be denied as futile.  On the claim of mutual mistake, ACE says that Lexicon must plead that a material term was omitted and that ACE gave its antecedent assent to the inclusion of that term.  On the claim of unilateral mistake, ACE says that the amended complaint fails to proffer allegations of facts demonstrating fraud or other misconduct on the part of ACE, which is essential to a claim for unilateral mistake.  Thus, Lexicon concludes that leave to amend would be futile.

Reformation for mutual mistake is available where parties have reached a complete agreement but, through mutual mistake, the terms of their agreement are not correctly reflected in the written instrument purporting to evidence the agreement.  *Statler v. Painter*, 84 Ark. App. 114, 118, 133 S.W.3d 425, 428 (2003).  To be mutual, the mistake must be reciprocal and common to both parties, each alike laboring under the same misconception in respect to the terms of the written instrument.  *Id.* at 119, 133 S.W.3d at 428.  Both parties must have done what neither intended, and the instrument must do violence to the understanding of both parties.  *McDermott v. United States*,

6

760 F.2d 879, 881 (8th Cir. 1985).  Mutual mistake requires some antecedent agreement which the written instrument evidences.  *C.S. Foreman Co. v. Great Lakes Pipe Line Co.*, 274 F.2d 61, 66 (8th Cir. 1960).

Reformation may also be granted for a unilateral mistake accompanied by fraud or other inequitable conduct of the remaining parties.  *Turney v. Roberts*, 255 Ark. 503, 509, 501 S.W.2d 601, 605 (1973).  Although Federal Rule of Civil Procedure 9(b) requires that circumstances constituting fraud or mistake be stated with particularity, "some of the reasons for the special heightened pleading rule applicable to fraud simply do not apply to mistake."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1299 (3d ed. 2004).  The pleading requirement for mistake as set out in Rule 9(b) is not overly difficult to meet.  *Id.*

The proposed amended complaint alleges that Lexicon sought to insure risks associated with the Trinidad project under the ACE policy and paid a premium for foreign liability coverage under that policy.  The complaint goes on to allege that Lexicon would not have purchased the policy or paid premiums on the policy if it had known that the ACE policy as written would not cover the Trinidad project.  Even though some discovery has occurred, as noted by ACE, the discovery deadline has recently been extended to February 25, 2010, and ACE's objections to Lexicon's allegations are more fitting for a motion to dismiss or for summary judgment.  Lexicon alleges that it and ACE had mutually agreed upon insurance coverage for the Trinidad project, or in the alternative, that ACE engaged in inequitable conduct by attaching the Designated Premises Endorsement without including the Trinidad project.  A complaint may allege claims in the alternative, regardless of consistency.  Fed. R. Civ. P. 8(d)(3).

ACE also argues that Lexicon cannot allege that the failure to schedule the Trinidad project was both material and immaterial, depending on the claim.  Again, Lexicon is allowed to make claims in the alternative, regardless of consistency.  Fed. R. Civ. P. 8(d)(3).  For purposes of filing amended pleadings, the Court finds that Lexicon's proposed amended complaint is not futile.  The amended complaint gives ACE fair notice of Lexicon's claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## CONCLUSION

For the foregoing reasons, Regions's motion to intervene is DENIED.  Document #69. Lexicon's motion for leave to file a first amended complaint is GRANTED.  Document #81. Lexicon must file its amended complaint within five (5) days of the entry of this order.

IT IS SO ORDERED this 31st day of December, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE